IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR182 |
| | ) | CASE NO. 8:06CR338 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| LEOPOLDO MEJIA, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto and supporting brief (8:06CR182, Filing Nos. 87, 88, 89, 90; 8:06CR338, Filing Nos. 34, 35, 36, 37),[1] and the government's response and attachments (Filing No. 95). See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to United States v. Booker, 543 U.S. 220 (2005), the sentencing guidelines are advisory.

In 8:06CR182, the Defendant pleaded guilty to: possession of false identification documents in violation of 18 U.S.C. § 1028(a)(4) (Count II); and criminal forfeiture, in violation of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 (Count III). In 8:06CR338, he pleaded guilty to: mail fraud, in violation of 18 U.S.C. § 1341 (Count I); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count II). The plea agreement includes the following provisions:

- "Defendant understands that . . . Count II mandates a 2-year consecutive term of imprisonment for the charges in 8:06CR338";

- he will not seek sentencing departures under U.S.S.G. § 5K2.0, et seq.;

---

[1]Hereinafter, in addressing the Defendant's objections and related issues, I will only refer to filing numbers in 8:06CR182.

- an appeal waiver;
- forfeiture of his interest in a Marlin Firearms Co. .22 caliber rifle, further described in ¶ 1d;
- dismissal of Counts I and IV-VII; and
- cooperation.

The Defendant objects to several paragraphs in the PSR. The objections are discussed below. Initially, however, the Court notes that because the PSR lacks an addendum, it appears that the Defendant did not timely submit objections to the probation officer as required by ¶ 4 of the Order on Sentencing Schedule. Nevertheless, the objections will briefly be addressed.

***Paragraph 45 - § 2L2.1(a)***

The Defendant objects to the application of U.S.S.G. § 2L2.1(a), resulting in base offense level 11, arguing that U.S.S.G. § 2B1.1 should be applied and that 6 is the correct base offense level.

The statutory index to the sentencing guidelines provide that U.S.S.G. §§ 2B1.1, 2L2.1, or 2L2.2 may be used in the case of a violation of 18 U.S.C. § 1028. The introduction to the index provides that "[i]f more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted."

The Defendant argues that the offenses involve social security cards, which are not immigration documents and, therefore, that § 2B1.1 applies. The Court disagrees. The investigation revealed that the Defendants were selling counterfeit state identification cards, social security cards, and immigration documents out of their home. (PSR, ¶ 33.)

2

This statement is supported directly and indirectly by the documents filed by the government. (Filing No. 95, attachments including different types of identification documents such as permanent resident cards.) The objection is denied.

### ¶ 46 - § 2L2.1(b)(2)(C) - Enhancement for 100 or More Documents

The Defendant objects to the 9-level enhancement based on the involvement in the offense of more than 100 documents, arguing that he has not admitted to the number of documents and apparently relying on *United States v. Booker,* 543 U.S. 220 (2005).

*Booker* allows a district court to rely on facts proved by a preponderance of the evidence under an advisory guideline scheme. *United States v. Johnson,* 450 F.3d 831, 833 (2006). The objection will be heard at sentencing. The burden is on the government by a preponderance of the evidence, and the advisory sentencing guideline scheme will be applied.

### ¶ 55 - Consecutive Two-Year Sentence

In his plea agreement, the Defendant stated that he understood he would be subject to a 2-year consecutive prison term pursuant to his conviction of Count II in 8:06CR338. While he concedes the legality of the 2-year consecutive sentence, he now argues for a concurrent sentence. Without further analysis, in light of the plea agreement the objection is denied.

IT IS ORDERED:

1. The Defendant's objections to ¶ 46 of the Presentence Investigation Report (8:06CR182, Filing Nos. 87, 88, 89, 90; 8:06CR338, Filing Nos. 34, 35, 36, 37) will be heard at sentencing;

2.	Otherwise, the Defendant's objections to the Presentence Investigation Report (8:06CR182, Filing Nos. 87, 88, 89, 90; 8:06CR338, Filing Nos. 34, 35, 36, 37) are denied;

3.	The Court's tentative findings are that, aside from ¶ 46 and the related calculation, the Presentence Investigation Report is correct in all respects;

4.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 13th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge